Opinion issued September 20, 2007







 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00480-CR






LING-HUI HO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 10

Harris County, Texas

Trial Court Cause No. 1357447






MEMORANDUM OPINION


 A jury convicted appellant, Ling-Hui Ho, of prostitution, and the trial court
assessed punishment at 25 days' confinement in jail. See Tex. Pen. Code. Ann.
§ 43.02 (Vernon Supp. 2006). Presenting one point of error, appellant contends that
the trial court erred by granting the State's challenge for cause to a veniremember. 

 We affirm. 

Background


 Appellant was charged by information with the misdemeanor offense of
prostitution. The case was set for a jury trial. During voir dire, after the State and the
defense had each exhausted its three respective peremptory strikes, the trial court
granted the State's request to strike Venireman Number 10 for cause. The defense
objected to the striking of Venireman Number 10. The defense requested an
additional peremptory strike asserting that the trial court had given the State an
additional strike by granting its challenge to Venireman Number 10. The trial court
denied appellant's request for an additional strike. After the jury was seated, the
defense objected to the composition of the jury. Appellant contended that, if the trial
court had granted him an additional strike, he would have stricken Venireman
Number 11, who was seated on the jury.

State's Challenge to Venireman Number 10 


 In his sole point of error, appellant contends that the trial court erroneously
granted the State's challenge for cause to Venireman Number 10. 

 We review a trial court's ruling on a challenge for cause with "considerable
deference" because the trial court is in the best position to evaluate the
veniremember's demeanor and responses. Blue v. State, 125 S.W.3d 491, 497 (Tex.
Crim. App. 2003). We will reverse a trial court's ruling on a challenge for cause
"only if a clear abuse of discretion is evident." Id. 

 Article 35.16 of the Code of Criminal Procedure provides that a challenge for
cause may be made by the State if a potential juror has a bias or prejudice against any
phase of the law on which the State is entitled to rely for conviction or punishment. 
Tex. Code Crim. Proc. Ann. art. 35.16(b)(3) (Vernon 2006). Here, Venireman
Number 10 indicated during voir dire that he believed prostitution should be legal. 
In this regard, the following exchange occurred between the prosecutor and
Venireman Number 10:

[Prosecutor]: I just want to ask you two questions. The first is about
prostitution being legal. Do you think it should be legal?


[Venireman Number 10]: I think it would solve a lot of problems. Yes.


[Prosecutor]: Do you feel strongly about that?


[Venireman Number 10]: Yes. I feel strongly.


[Prosecutor]: Do you think that your view that prostitution should be legal
would affect your ability to decide this case?


[Venireman Number 10]: Probably. 

Later in the voir dire process, the following exchange occurred between defense
counsel and Venireman Number 10:

[Defense counsel]: [Venireman Number 10], you follow the law. Don't you?


[Venireman Number 10]: Yes. I mean, I drive on 59 with the flow of traffic.


[Defense counsel]: But, regardless of what you think of the law, you follow
it. Don't you?


[Venireman Number 10]: I believe in the rule of the law.


[Defense Counsel]: So, when the Legislature makes prostitution illegal, you're
not saying you disagree with that. Correct?


[Venireman Number 10]: I do disagree with that.


[Defense Counsel]: And, in fact, you disagree with it strongly.


[Venireman Number 10]: Yes. I do.


[Defense Counsel]: But, you understand that as of the date of this alleged
offense, and even today, prostitution is illegal in the state of Texas. Do you
agree with that?


[Venireman Number 10]: I understand that's the law. Yes.


[Defense Counsel]: And if the judge so instructed you, you could follow the
law regarding prostitution. Correct?


[Venireman Number 10]: That's a tough one. I appreciate judges and would
follow their instructions. But, I also feel that citizens have to follow their
hearts, too. It's a difficult call.


THE COURT: So, you're saying that if you don't agree with something, you
would, basically, nullify . . . If you felt sorry for somebody, you would find
them not guilty?


[Venireman Number 10]: I would put it more like I would want to be more
participatory, instead of just listening. I want to be the person asking the
questions. To satisfy my own . . . to make a judgment as opposed to, having
a prosecutor and defense attorney ask. But, I know that's not the way it works.


 When the record does not contain a clearly objectionable declaration by the
venireperson, or the record demonstrates a vacillating or equivocal venireperson, we
accord great deference to the trial judge who had the better opportunity to see and
hear the person. Swearingen v. State, 101 S.W.3d 89, 99 (Tex. Crim. App. 2003). In
this case, the record reflects that Venireman Number 10 expressed strong personal
feelings that prostitution should be legal. He equivocated regarding whether he could
put aside his biases and personal beliefs and follow the legal mandates of the Texas
Legislature regarding prostitution. We hold that, based on his equivocal responses
regarding his ability to follow the law, the trial court did not clearly abuse its
discretion by granting the State's challenge for cause to Venireman Number 10. We overrule appellant's sole issue.




Conclusion


 We affirm the judgment of the trial court.





 

 Laura Carter Higley

 Justice


Panel consists of Justices Taft, Hanks, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).